UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
No. 12-CV-60654-MORENO

INTERNATIONAL BROTHERHOOD of
TEAMSTERS,

    *Plaintiff,*

vs.

AMERIJET INTERNATIONAL, INC.,

    *Defendant.*
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This cause came before the Court on remand from the Eleventh Circuit Court of Appeals. The Court of Appeals reversed an order from this Court dismissing the International Brotherhood of Teamster's suit to compel the arbitration of two sets of grievances for lack of subject matter jurisdiction. In an unpublished opinion, the Court of Appeals ruled that this Court has subject matter jurisdiction to compel arbitration between the Teamsters and Amerijet, but did not reach the merits of the case because a motion was not properly before the court. This Court now considers the Teamster's motion to compel arbitration and, following the strong suggestion of the Court of Appeals, grants the Teamster's motion to compel.

In regard to Count I of the Teamster's complaint, the Court of Appeals held that the Teamsters "pled undisputed facts sufficient to show a right to have arbitration of the Set of Nine deadlocked grievances compelled by the district court as a matter of law." 604 F. App'x 841, 849 (11th Cir. 2015). Accordingly, the grievances in Count I are directed to arbitration.

The Court of Appeals was not as explicit in its directives for Counts II and III, involving the Port of Spain grievances, but offered sufficient guidance for the Court to conclude that arbitration of these grievances is also appropriate. The Court of Appeals first held that an order compelling arbitration would not be an extraterritorial application of the Rail Labor Act because this litigation involves collective bargaining agreements that were executed in the United States between two domestic entities. *Id.* at 852. Amerijet's principal argument in opposition to the Teamster's motion is that even if the Court *could* compel arbitration, the collective bargaining agreements—by their express terms—do not apply to the grievances in Counts II and III. While there may be merit in Amerijet's argument, the Court of Appeals decided that Amerijet is making this argument in the wrong forum. It is now the role of the arbiter to determine whether those collective bargaining agreements apply to the aggrieved employees and whether those employees are entitled to relief on the merits of their claims. *Id.* at 854. As such, the Court grants the Teamster's motion to compel the arbitration of grievances in Counts II and III.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of August, 2015.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record